576 A.2d 1104

**Emily N. BAUM, Appellee,**

v.

**Donald E. BAUM, Appellant.**

Superior Court of Pennsylvania.

Argued May 23, 1990.

Filed June 27, 1990.

Allen H. Smith, York, for appellant.

Before OLSZEWSKI, MONTEMURO and FORD ELLIOTT, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order holding appellant in civil contempt, and ordering him to pay the sum of $40.74 to appellee. Appellant and appellee are husband and wife. In response to a petition filed by appellee, the trial court entered an order on September 7, 1989 directing, *inter alia,* that appellant and appellee have no direct or indirect contact with one another, except through counsel. Testimony in the case indicated that on September 22, 1989, appellant went to appellee's residence, went underneath appellee's 1989 Chrysler LeBaron, and cut a radiator hose. While the testimony presented was not entirely free of inconsistencies, the trial court found that appellant's testimony was incredible and appellee's testimony was credible, and held that appellant had indirectly contacted appellee, in violation of the court order. Based on this finding, the court held appellant to be in civil contempt and ordered him to pay to appellee $40.74, the amount of repairs to appellee's car.

Appellant presents one issue for our consideration: whether the evidence presented is sufficient to sustain a finding of civil contempt?[1] In reviewing a finding of civil contempt we begin with the premise that "[e]ach court is the exclusive judge of contempts against its process, and on appeal its action will be reversed only when a plain abuse of discretion occurs." *Fatemi v. Fatemi,* 371 Pa.Super. 101, 113, 537 A.2d 840, 846 (1988). The trial court's finding of

1. In his brief, appellant presents a second issue, concerning whether the trial court followed the five-step procedure for civil contempt proceedings set forth in *Whitt v. Philadelphia Housing Auth.,* 325 Pa.Super. 135, 472 A.2d 684 (1984). As this issue was not raised before the trial court, and is not set forth in appellant's Pa.R.A.P. 1925(b) statement, it is waived. *See Travitzky v. Travitzky,* 369 Pa.Super. 65, 534 A.2d 1081 (1987); *Fenstamaker v. Fenstamaker,* 337 Pa.Super. 410, 487 A.2d 11 (1985). Appellant's allegation, in his Pa.R.A.P. 1925(b) statement, that the verdict was "contrary to ... the law[,]" is not sufficiently specific to preserve this complaint of procedural error. *Cf. Ryan v. Johnson,* 522 Pa. 555, 564 A.2d 1237 (1989) (vague Pa.R.A.P. 1925(b) statement did not waive objections where appellant did not have information which would have allowed her to be more specific). In the case *sub judice,* appellant did not lack information which would have allowed him to assert this claimed error.

184

contempt was based on its factual determination that appellee's witnesses were more credible than those who testified for appellant. This factual finding is supported by evidence of record, and we will not disturb it. *Delahanty v. First Pa. Bank, N.A.*, 318 Pa.Super. 90, 464 A.2d 1243 (1983). As for the court's decision to hold appellant in civil contempt, we find no abuse of discretion.

Order affirmed.