615 A.2d 755

**Joseph James BOWMAN and Daria
Shaker Bowman, Appellants,**

v.

**MEADOW RIDGE, INC., Guidi Homes, Inc., Weichert
Realtors and Barry Starke, Appellees.**

Superior Court of Pennsylvania.

Argued April 22, 1992.

Filed Nov. 2, 1992.

Richard F. Stern, Jenkintown, for appellants.

Samuel B. Hornstein, Doylestown, for Weichert & Starke, appellees.

Before ROWLEY, President Judge and MONTEMURO and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Bucks County which sustained appellees' amended preliminary objections and dismissed appellants' complaint. This case arises out of the purchase of a single family residence by appellants, James and Daria Bowman, through appellees, Weichert Realtors and Barry Starke, the seller's broker and agent. We affirm.[1]

The record reveals the following: In their complaint, the Bowmans allege that they were induced to purchase their new residential dwelling by the representations of Barry Starke, the seller's agent acting through Weichert Realtors, the seller's real estate broker. Appellants contend that Starke intentionally and fraudulently misrepresented to them that they were purchasing the premises for the lowest price for which that particular model of house had sold, when, in fact, they subsequently discovered that the same model had previously sold for a lower price. The Bowmans purchased their home

1. On October 8, 1992, the opinion filed in this matter on August 14, 1992, was withdrawn, and panel reconsideration was granted as to the issue of whether the lower court properly dismissed appellants' complaint against Meadow Ridge, Inc. and Guidi Homes, Inc. since those defendants did not file preliminary objections. This issue could be considered waived due to appellants' failure to raise it in their Pa. R.App.P. 1925 statement, *Baum v. Baum*, 395 Pa.Super. 182, 576 A.2d 1104 (1990), and/or in their Statement of Questions Involved, Pa. R.App.R 2116, *West Development Group, Ltd. v. Horizon Financial, F.A.*, 405 Pa.Super. 190, 592 A.2d 72 (1991), *Vaskie v. West American Ins. Co.*, 383 Pa.Super. 76, 556 A.2d 436 (1989). See also *American Tel. & Tel. Co. v. Board of Property Assessment, Appeals & Review*, 10 Pa. Cmwlth. 41, 61, 309 A.2d 193, 195 (1973), rev'd on other grounds, 461 Pa. 716, 337 A.2d 844 (1975) (Commonwealth Court will not consider new issue on reargument). However, we will comment simply to clarify the lower court's order. The order of the court below, which we affirm herein, states:

AND NOW, this 15th day of August, 1991, upon consideration of Amended Preliminary Objections of Defendants Weichert Realtors and Barry Starke and responses filed thereto, it is hereby ORDERED and DECREED that the said Preliminary Objections are hereby sustained and upheld. *Plaintiffs' Complainty (sic) is dismissed with prejudice.* (Emphasis added.)

We interpret the order as dismissing appellants' complaint against appellees, Weichert Realtors and Barry Starke, *only,* since they were the defendants who filed preliminary objections which the lower court sustained.

for $158,900.00, and the same model had previously sold for as low as $155,900.00. The Bowmans contend that they would not have purchased the home but for Starke's misrepresentation.

Starke and Weichert Realtors filed preliminary objections in the nature of a demurrer, citing Paragraph 27 of the Agreement of Sale Meadow Ridge at Rocky Meadows which provided:

ENTIRE AGREEMENT: This is the entire Agreement between the parties, and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise, of any kind whatsoever which are not herein referred to or incorporated. *In entering into this Agreement, Buyer has not relied upon any representation, claim, advertising, promotional activity, brochure or plan of any kind made by Seller or Seller's agents of employees unless expressly incorporated or stated in this Agreement.* All amendments, supplements or riders hereto, if any, shall be in writing and executed by both parties. (Emphasis added.)

Prior to argument or briefing on the preliminary objections, appellees filed amended preliminary objections which, in addition to the aforementioned demurrer, included a motion for a more specific pleading. By order dated August 15, 1991, the lower court sustained appellees' amended preliminary objections and dismissed appellants' complaint.

Herein, appellants question: 1) Did the lower court err in ruling on amended preliminary objections when they were filed without the consent of appellants and without leave of court in violation of Pa.R.C.P. 1033; 2) Did the lower court err in ruling that the integration clause in the Agreement of Sale, to which appellees were not parties, protects appellees from liability for their intentional and fraudulent misrepresentations; 3) Did the lower court err by not finding that the fraud of Starke vitiated the integration clause; 4) Did the lower court err in ruling that fraud had not been pleaded with sufficient particularity; and 5) Did the lower court err in not

permitting appellants to amend their complaint to cure any possible defects?

■ First, we will address appellants' complaint that it was error for the lower court to rule upon appellees' amended preliminary objections. Appellants are correct in their assertions that all preliminary objections should be raised at one time, Pa.R.C.P. 1028(b), and that amendment of a party's pleading is permitted only by consent of the adverse party or by leave of court, Pa.R.C.P. 1033. However, appellees filed their amended preliminary objections before any action was taken on their original preliminary objections, and their filing of the amended motion did not delay the proceedings below. Thus, all of appellees' preliminary objections were addressed by the lower court at one time, and appellees complied with the purpose of Pa.R.C.P. 1028, i.e. reduction of the number of dilatory steps taken by a defendant prior to filing an answer. *See Vant v. Gish,* 412 Pa. 359, 194 A.2d 522 (1963). In addition, the lower court may on its own motion, permit or require amendment of a pleading. *Sullivan v. Allegheny Ford Truck Sales,* 283 Pa.Super. 351, 357, 423 A.2d 1292, 1295 (1980). By ruling on appellees' amended preliminary objections, the lower court, in effect, permitted the amendment on its own motion. We find no error in the court's ruling upon the amended preliminary objections.

■ Second, appellants complain that the lower court erred when it ruled that the integration clause of the sales agreement between appellants and Meadow Ridge, Inc., also protected appellees who were not parties to the agreement. Although neither this court nor our Supreme Court has expressly ruled upon this issue, we have previously permitted the seller's real estate broker and agent to contend that the purchaser's fraudulent misrepresentation action is barred by the integration clause of the sales agreement. *See Myers v. McHenry,* 398 Pa.Super. 100, 580 A.2d 860 (1990) (broker's misrepresentations properly admitted, despite integration clause in sales agreement, where well's flow rate was not readily ascertainable); *Glanski v. Ervine,* 269 Pa.Super. 182, 409 A.2d 425 (1979) (broker's misrepresentation properly ad-

mitted, despite integration clause, where termite damage was not reasonably apparent). Likewise, we presently will entertain appellees' assertion that appellants' fraudulent misrepresentation action is barred by the integration clause of the sales agreement, even though appellees, as broker and agent for the sellers, were not parties to the sales agreement.

We permit such a defense by appellees, even though they are not parties to the contract, because appellants expressly stated in the contract that they did not rely upon any representation of appellees. It is well settled that the elements of fraud are: (1) a misrepresentation, (2) a fraudulent utterance thereof, (3) an intention by the maker that the recipient will thereby be induced to act, (4) *justifiable reliance by the recipient upon the misrepresentation,* and (5) damage to the recipient as the proximate result. *Myers,* 398 Pa.Super. at 109, 580 A.2d at 865; *Scaife Co. v. Rockwell–Standard Corp.,* 446 Pa. 280, 285, 285 A.2d 451, 454 (1971), *cert. denied,* 407 U.S. 920, 92 S.Ct. 2459, 32 L.Ed.2d 806 (1992), quoting *Neuman v. Corn Exchange National Bank & Trust Co.,* 356 Pa. 442, 442, 51 A.2d 759, 763 (1947). Appellants herein specifically represented in their contract that: "In entering into this Agreement, Buyer has not relied upon any representation, claim, advertising, promotional activity, brochure or plan of any kind made by Seller or Seller's agents or .employees unless expressly incorporated or stated in this Agreement." In other words, appellants expressly stated that they did not rely upon Starke's representations or promotional activity. Such a disclaimer destroys the allegations of reliance in appellants' complaint. *Cf., LeDonne v. Kessler,* 256 Pa.Super. 280, 389 A.2d 1123 (1978) (reliance on misrepresentation concerning water damage to sun-deck and cellar vitiated by integration clause where the defects were ostensible).

Clearly, absent reliance upon the alleged misrepresentation, there can be no action sounding in fraud against the maker of the statement or anyone else. Moreover, logic dictates that if the seller may enforce the integration clause, his agent should also be permitted to enforce the disclaimer. To rule otherwise would permit appellants, in an action against the seller's

agents, to allege that they relied upon the representations of the seller's agents, while, in an action against the seller, such allegations would be barred.[2]

■ That is not to say that appellants cannot pursue an action for fraud against the seller or his broker and agent. However, in order to prevail, appellants must demonstrate that evidence of the alleged fraudulent misrepresentation is not barred by the parol evidence rule. Thus, we are faced with appellants' third argument, wherein they contend that since they were fraudulently induced to purchase the property by Starke's misrepresentation, the parol evidence rule is inapplicable to prevent the admission of the oral statements of Starke.

In *LeDonne, supra,* this court noted the following definition of the parol evidence rule:

> Where the alleged prior or contemporaneous oral representations or agreements concern a subject which is specifically dealt with within the written contract, and the written contract covers or purports to cover the entire agreement of the parties, the law is now clearly and well settled that in the absence of fraud, accident or mistake, the alleged oral representations or agreements are merged in or superseded by the subsequent written contract, and parol evidence to vary, modify or supersede the written contract is inadmissible in evidence.

*LeDonne,* 256 Pa.Super. at 286–287, 389 A.2d at 1126–1127, quoting *Bardwell v. The Willis Co.,* 375 Pa. 503, 506, 100 A.2d 102, 104 (1953) (footnote omitted); *Myers,* 398 Pa.Super. at 106, 580 A.2d at 863.

Appellants argue that evidence of the alleged fraudulent misrepresentation is admissible since they were induced to purchase the residence by Starke's misrepresentation that they were purchasing the home for the lowest price at which

---

**2.** But see, *Wittenberg v. Robinov,* 9 N.Y.2d 261, 213 N.Y.S.2d 430, 173 N.E.2d 868 (1961) (a contract clause stating that the purchaser had made an independent investigation of the property and was not relying upon the agent's or vendor's representations, did not release the agent from liability for his misrepresentations, *since he was not a party to the contract,* although the vendor was allowed to escape liability thereunder).

that model home had sold. In *Myers, supra,* we set forth the following test to be employed when deciding whether evidence of misrepresentation is excluded by the parol evidence rule:

> Where buyers allege that they were fraudulently induced to purchase a property through fraud or misrepresentation, the applicability to the parol evidence rule is determined by balancing "the extent of the party's knowledge of objectionable conditions derived from a reasonable inspection against the extent of the coverage of the contract's integration clause in order to determine whether the party could justifiably rely upon oral representations without insisting upon further contractual protection or the deletion of an overly broad integration clause." *LeDonne, supra,* 256 Pa.Super. at 294, 389 A.2d at 1130.

*Myers,* 398 Pa.Super. at 107, 580 A.2d at 864. See also *Ward v. Serfas,* 387 Pa.Super. 425, 564 A.2d 251 (1989); *Mancini v. Morrow,* 312 Pa.Super. 192, 458 A.2d 580 (1983); *Glanski, supra.*

Applying the *LeDonne* test to the facts before us, we find that the parol evidence rule bars admission of evidence of the alleged misrepresentation to vary, modify or supersede the integration clause of the written sales agreement. Appellants specifically represented in the contract that they did not rely upon any "representation" or "promotional activity" of the seller's agents. Whether Starke's representation concerning the price of the house was true was readily ascertainable before the purchase was completed. All appellants needed to do was check the public record as to the prices for which the same model homes had sold.[3]

This is not a case where the misrepresentation concerned the physical condition of the home and could not have been discovered by an inspection of the premises. *See Myers,*

---

**3.** While we recognize that there is no obligation on the part of a purchaser to check the public record prior to the purchase, *LaCourse v. Kiesel,* 366 Pa. 385, 389, 77 A.2d 877, 880 (1951), we also note that a purchaser is "required to use his senses, and cannot recover if he blindly relies upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation." *Restatement (Second) of Torts,* § 541 comment a.

(purchasers not estopped from demonstrating they were misled as to the meaning of "slow recovery well"); *Ward, supra* (since septic problems were latent, purchaser was not estopped from relying upon seller's misrepresentation of the condition of the septic system); *LeDonne, supra* (evidence of misrepresentations of condition of septic system was admissible, while evidence of misrepresentations of water damage to sun-deck and basement were not because the truth was readily ascertainable by a cursory inspection). Rather, presently, appellants not only could have easily ascertained the truth but also expressly stated in the contract that they did not rely upon the promotional representations of appellees.

Having determined that the parol evidence rule bars evidence of the alleged misrepresentations, we find that the lower court properly dismissed appellants' complaint.[4]

Order affirmed.

---

4. Having determined that appellants' claim is barred by the integration clause of the contract, we need not address the issues of whether fraud was pleaded with sufficient particularity or whether appellants should be permitted to amend their complaint since instantly the integration clause cannot be overcome.