216

**Parsons v. Rose Valley Partnership, Inc.**

C.P. of Lehigh County, No. 2013-C-1579

*Joe L. Thorpe*, for plaintiff.

*Christopher Gittinger*, for defendant Rose Valley Partnership, Inc.

*Dominic Sbrocchi*, for defendant Rusty Smith Excavating & Paving, Inc.

*Anthony Hinkle*, for defendant Arc of Lehigh and Northampton Counties.

VARRICCHIO, *J.*, Oct. 3, 2014—In May of 2011, Rose Valley Partnership, Inc. ("Rose") was the owner and lessor of a building located in Lehigh County at 2298 Avenue A, Allentown, Pennsylvania. ARC of Lehigh & Northampton Counties a/k/a ARC of Lehigh & Northampton Counties ("ARC") was an entity registered to do business in Pennsylvania at that location. Rusty Smith Excavating & Paving, Inc. ("Rusty") was an excavating and paving company who was engaged in the maintenance and

management of the property located at the address.

On or about May 6, 2011, Lou Ann Parsons ("plaintiff") was walking on the parking lot in the rear of the mentioned property. Plaintiff claimed that the paved parking lot was several inches higher than an unpaved area that contained no warnings; she fell and had resulting injuries. Plaintiff argues that the unlevel parking lot was in a dangerous and unsafe condition because it was carelessly and negligently permitted to exist beyond the time required for its discovery.

The injury that brought about this case occurred to plaintiff on or about May 6, 2011.[1] Here, plaintiff commenced this action by filing a praecipe for writ of summons on May 3, 2013, three days before the running of the statute of limitations. Thereafter, a praecipe to reissue the writ was filed on May 17,2013; June 17,2013; July 17,2013; August 16,2013; September 16, 2013; October 16, 2013; November 15,2013; December 16, 2013; January 15,2014; February 14,2014; and March 18, 2014. The complaint was finally filed on March 31, 2014. According to testimony of counsel and evidenced by the docket, no attempt to serve the defendants was made for approximately eleven months. Plaintiff did not deliver the writ to the sheriff for service and explained that the delay or lack of service upon the defendants was because counsel needed more time to prepare the case. The defendants argue that plaintiff made no good faith effort to effectuate service of the writ.

Although there was no direct contact with defendants, plaintiff contacted defendants' liability carriers on or about January 28, 2014, plaintiff's answer to Rose Valley

---

1. This is a personal injury tort; there is a two-year statute of limitations on such claim. 42 Pa.C.S.A. § 5524(7).

Partnerships Inc.'s preliminary objections brief at 2-3[2]; *see* plaintiff's exhibits 1-4, 16-31. Plaintiff then awaited response from the insurance carriers until February 2014 and then proceeded to file the complaint. *Id.* Plaintiff argues that defendants had knowledge of the impending suit through their insurance carriers and were not harmed by the delay. *Id.*

The issues that necessitate this memorandum are the defendants' preliminary and amended preliminary objections.[3] Namely, these preliminary objections stem from plaintiffs failure to adhere to the Pennsylvania Rules of Civil Procedure. Defendants' objections include a motion to strike the writ of summons or the complaint as invalid due to lack of effort to serve defendants. The remaining two objections are procedural.[4]

First, this court will examine the delayed service.

---

2. This court notes, procedurally, a party has the right to file preliminary objections raising a defense or objection to another party's preliminary objection, *Ambrose v. Cross Creek Condominiums*, 602 A.2d 864,866-67 (Pa. Super. 1992).

3. A trial court may properly rule on amended preliminary objections filed by defendants even though defendants did not obtain consent of adverse party or leave of court to file amendment, where amended preliminary objections were filed before any action was taken on original preliminary objections and the amended motion did not delay proceedings. Pa.R.C.P. 1028, 1028(b), 1033; *Bowman v. Meadow Ridge, Inc.*, 615 A. 2d 755,757(1992).

4. The second preliminary objection is a motion to strike the complaint for failure to attach proper verification. The complaint was not verified by plaintiff as required by Pa.R.C.P. 1024(c). Plaintiffs counsel contacted plaintiff at work, but was unsuccessful, therefore counsel did not have plaintiff verify the complaint. Plaintiff requests that this court allow her to attach a substituted verification to the complaint.

The third preliminary objection is a motion to strike plaintiff's complaint for failure to conform to law or rule of court because plaintiff did not name all the defendants in the caption, but instead used the phrase "et als" to indicate additiona l defendants in violation of Pa.R.C.P. 1018. Plaintiff argues since all the parties were properly named in the caption on the writ or summons (which was never served) this apparently should be sufficient.

There has been a long line of cases in which our courts address plaintiffs bringing "an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations" *Lamp v. Heyman*, 366 A.2d 882,889 (Pa. 1976). Although, a plaintiff may comply with Pennsylvania Rules of Civil Procedure, according to case law, this alone, is not sufficient.

Proper service is necessary for jurisdiction over a party, therefore the rules relating to service must be strictly followed, *Cintas Corp, v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 917-918 (Pa. 1997). Original process must be served within thirty days after issuance of the writ or filing of a complaint. Pa.R.C.P. 401(a). When service is not made within the first thirty days, plaintiff must have the writ reissued in order to remain active and valid. Pa.R.C.P.401(b)(1). In addition, "plaintiffs are required to comply with local practice to ensure ... prompt service of process." *Farinacci v. Beaver County Industrial Development Authority*, 511 A.2d 757, 759 (Pa, 1986). The filing of the litigation and the issuance of the writ tolls the statute of limitations. *Id.* at 760.

Under the Rules of Civil Procedure, theoretically, this process of reissuing the writ could go on *ad infinitum*; nevertheless, a plaintiff must do more than just have the writ reissued. Pennsylvania law requires that a plaintiff make a good faith effort to effectuate service of process in a timely manner from the date when the suit is originally commenced. *Ramsey v. Pierre*, 822 A.2d 85, 90 (Pa. Super. 2003). The statute of limitation stops running only if the plaintiff makes "a good faith effort to effectuate service of the writ during the life of the writ." *Farinacci*, 511 A.2d at 760. Service is an essential requirement to properly toll the statute of limitations. However, the tolling of the

statute by way of writ is ineffective "where plaintiffs have demonstrated an intent to stall the judicial machinery." *McCreesh v. City of Philadelphia*, 888 A.2d 664, 674 (Pa. 2005); *see Lamp v. Heyman*, 366 A.2d at 889; *Farinacci*, 511 A.2d at 759,

"Taking no steps whatsoever to serve the writ of summons once having filed a praecipe for its issuance renders subsequent efforts to initiate the cause of action after the statute of limitations has run a nullity." *Moses v. T.N.T. Red Star Exp.*, 725 A.2d 792, 797 (Pa. Super. 1999). Essentially, plaintiffs may not merely file a writ of summons and have another period of the statute of limitations to make service; rather, they are required to make a good faith effort to find and serve the defendant. *Sheets v. Liberty Homes, Inc.*, 823 A.2d 1016, 1019 (Pa. Super. 2003).

The Supreme Court of Pennsylvania "sought to end abuses of process by plaintiffs who tolled the statute of limitations by filing a writ of summons, had the writ repeatedly reissued, and deliberately failed to notify the defendant of the pending litigation. This process, while technically compliant with the Rules of Civil Procedure, nonetheless defeated the purpose of the statute of limitations, which is to protect defendants from stale claims. *McCreesh*, 888 A.2d at 665.

Ultimately, a good faith effort must he made by a plaintiff to serve the defendant with the initial pleading." *Id.* at 664. A timely filing will be nullified where the plaintiff stalls the judicial process by failing to make a good faith effort at service. *Lamp*, 366 A.2d at 889. Moreover, "it is not necessary [that] the Plaintiffs conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of *Lamp* will apply. "[W]hether a plaintiff

acted in good faith lies within the sound discretion of the trial court." *McCreesh*, 888 A.2d at 677.

In *Ferrara v. Hoover*, 636 A.2d 1151, 1152 (1994), the plaintiff argued there was no prejudice to service of the writ after the statute of limitations ran, because prior to the statute of limitations running, plaintiff filed a praecipe for a writ of summons and communicated with defendant's liability carrier, which plaintiff argued did not prejudice the defendant. The Superior Court did not accept the argument stating there is "no merit in the contention [that] communication between [plaintiff] and [defendant's] insurance adjuster serves as a substitute for actual service of process. [Defendants] have a reasonable expectation to assure that once the statute of limitations has run they will no longer shoulder the burden of possible litigation." *Moses v. T.N.T. Red Star Exp.*, 725 A.2d 792, 798 (Pa. Super. 1999) (internal citation omitted). In summation, plaintiff may not file a praecipe for a writ in time to toll the statute of limitations and then with impunity by her own inaction place the case in a perpetual suspended status awaiting reactivation at her pleasure.

In the case at hand. Plaintiff sat on her rights for nearly two years after the accident before filing the initial writ three days before the statute of limitations ran. Although there is no technical misstep, there was no effort made to serve original process within the first thirty days, nor the first ten months. There is no reasonable basis why service was not effectuated earlier than approximately eleven months after the running of the statute of limitations. Plaintiff may not stall the judicial machinery for her own benefit. In this case, concerning a slip and fall, plaintiff had nearly a three-year start to collect evidence including photographs of the scene. Undoubtedly, there have been substantial changes in the area of the alleged accident and

defendants are prejudiced by the time delay. Although there is no evidence of record that plaintiff acted in *bad* faith, this alone does not suffice. Plaintiff has the burden to prove a good faith effort to serve defendants within the first thirty days and plaintiff has not met this burden.

Plaintiff further argued, the court's focus on stale claims prevents settlements, but proper service of the writ or complaint does not preclude plaintiffs efforts at settlement. Plaintiff stalled litigation by utilizing a loophole in the Rules of Civil Procedure and provided no notice to defendants of impending claims. Therefore, based on the above, because plaintiff failed to serve the writ of summons within the statutory period, failed to have the reissued writs served, failed to deliver the writs to the sheriff for service, and did not show a good faith effort at service of original process; the writ of summons is hereby stricken as invalid and the within captioned matter is dismissed. Further, defendants' remaining objections concerning the lack of plaintiff's verification and improper caption are moot.

## ORDER

And now, this 3rd of October, 2014, upon consideration of the preliminary objections of defendant, Rose Valley Partnership, Inc., to plaintiff's complaint filed May 6, 2014 by defendant, Rose Valley Partnership, Inc., the preliminary objections on behalf of defendant, Rusty Smith Excavating & Paving, Inc., to plaintiffs complaint filed May 12, 2014 by defendant, Rusty Smith Excavating & Paving, Inc., the amended preliminary objections of defendant, Rose Valley Partnership, Inc., to plaintiffs complaint filed May 15, 2014 by defendant, Rose Valley Partnership, Inc., the preliminary objections of defendant ARC of Lehigh and Northampton Counties filed May 16, 2014 by defendant, ARC of

Lehigh and Northampton Counties, and the supplemental preliminary objections on behalf of defendant, Rusty Smith Excavating & Paving, Inc., to plaintiff's complaint filed May 20, 2014 by defendant, Rusty Smith Excavating & Paving, Inc.; and after argument held June 20, 2014 attended by Joe L. Thorpe, Esquire, counsel for plaintiff, Christopher Gittinger, Esquire, counsel for defendant, Rose Valley Partnership, Inc., Dominic Sbrocchi, Esquire, counsel for defendant, Rusty Smith Excavating & Paving Inc., and Anthony Hinkle, Esquire, counsel for defendant, The Arc of Lehigh and Northampton Counties a/k/a Arc of Lehigh and Northampton Counties and for the reasons set forth in the attached memorandum opinion; it is hereby ordered that:

1. The preliminary objections of defendant, Rose Valley Partnership, Inc., to plaintiff's complaint are dismissed as moot.

2. The preliminary objections on behalf of defendant, Rusty Smith Excavating & Paving, Inc., to plaintiffs complaint are dismissed as moot.

3. The amended preliminary objections of defendant, Rose Valley Partnership, Inc., to plaintiff's complaint are sustained.

4. The preliminary objections of defendant, ARC of Lehigh and Northampton Counties, are dismissed as moot.

5. The supplemental preliminary objections on behalf of defendant, Rusty Smith Excavating & Paving, Inc., to plaintiff's complaint are sustained,

It is further ordered that the writ of summons is stricken and the complaint is dismissed.