J-A35002-14

2014 PA Super 290

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK, SUCCESSOR IN INTEREST TO SKY BANK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| K-COR, INC., | |
| Appellant | No. 1265 WDA 2013 |

Appeal from the Order Entered July 12, 2013
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD13-009199

BEFORE:  BENDER, P.J.E., BOWES, J., and ALLEN, J.

OPINION BY BENDER, P.J.E.:　　　　　　**FILED DECEMBER 31, 2014**

K-Cor, Inc. (Appellant) appeals from the order entered on July 12, 2013, denying its petition to strike or open judgment entered by confession. We affirm.

The following facts are not in dispute.  This case involves guarantees on two commercial loans.  In November 2000, Huntingdon National Bank's predecessor, Sky Bank, entered into a loan agreement with Rock Airport of Pittsburgh, LLC (Airport LLC), pursuant to which the bank loaned $3,000,000 to Airport LLC.  Appellant guaranteed the loan.  The guaranty provides for judgment by confession in the event of a default on the loan.

In June 2002, the bank and Airport LLC entered into a second loan agreement, pursuant to which the bank loaned an additional $370,000 to Airport LLC. Appellant guaranteed the loan. The guaranty provides for judgment by confession in the event of a default on the loan.

Following default and notice, Huntingdon National Bank (hereinafter, the Bank) initiated this action in May 2013, filing a complaint in confession of judgment. Thereafter, judgment was entered in the total amount of $3,282,049.77. *See* Notice of Judgment, 05/22/2013.

In June 2013, Appellant filed a petition to strike or open the judgment, comprised of a single paragraph averring that it had not voluntarily, intelligently, and knowingly given up its right to notice and a hearing prior to the entry of judgment. In July 2013, following argument, the trial court denied Appellant's petition, concluding that Appellant had failed to raise a meritorious defense to the confessed judgment. The trial court further denied Appellant's oral motion to amend its petition, concluding that the general rule permitting liberal amendment of pleadings does not apply to a petition to strike or open. Appellant filed a motion for reconsideration, attaching proposed amendments to its petition, which was denied thereafter by the trial court. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court submitted a responsive opinion, addressing both the defect in Appellant's initial petition as well as the substantive merit of Appellant's proposed amendments.

Appellant raises the following issues on appeal:

[1.] Whether or not the [trial] [c]ourt abused its discretion in failing to grant the motion for amendment of a petition, when good and cognizable defenses are presented at the time of the presentment of the petition and request for amendment and incorporation of allegations at related cases?

[2.] Whether or not the [trial] [c]ourt abused its discretion in failing to grant reconsideration of the denial of the motion for amendment of a petition?

Appellant's Brief at "vi."

In its first issue, Appellant contends that the trial court should have permitted Appellant to amend its original petition and that its proposed amendments support opening the confessed judgment.[1] We review a court's order denying a petition to open a confessed judgment for an abuse of discretion. *PNC Bank, Nat'l Ass'n v. Bluestream Tech., Inc.*, 14 A.3d 831, 835 (Pa. Super. 2010). However, to the extent that Appellant challenges the lower court's interpretation of the Pennsylvania Rules of Civil Procedure, our standard of review is *de novo*, and our scope of review is plenary. *See Midwest Fin. Acceptance Corp. v. Lopez*, 78 A.3d 614, 624 (Pa. Super. 2013) (citing *Boatin v. Miller*, 955 A.2d 424, 427 (Pa. Super. 2008)); *see also* Pa.R.C.P. 127 (describing the manner in which we interpret rules of court); Pa.R.C.P. 129 (same).

---

[1] Appellant does not challenge the trial court's decision to deny its petition to strike. In addition, Appellant concedes that its petition to open, as originally filed, is deficient. *See* Appellant's Brief, at 2.

Petitions to strike or open judgment by confession are governed by Pennsylvania Rules of Civil Procedure 2959 and 2960.

> Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it *must be asserted in a single petition*.

Pa.R.C.P. 2959(a)(1) (emphasis added); ***see also*** Pa.R.C.P. 2959(a)(2) (permitting a further, limited request for a stay of execution on due process grounds); Pa.R.C.P. 2959(c) ("A party waives all defenses and objections which are not included in the petition or answer."); Pa.R.C.P. 2960 (limiting the scope of proceedings upon opening of judgment).

Appellant does not dispute the plain language of Rule 2959. Rather, Appellant maintains that there are meritorious defenses to the Bank's complaint and that the absence of either factual allegations or defenses in its petition was merely an "administrative oversight," easily cured through amendment. Appellant's Brief, at 9. Appellant suggests its error became apparent at the outset of the hearing, prior to any determination by the trial court, notes the liberal policy of amendment that prevails in Pennsylvania, and argues that the Bank would have suffered no prejudice if Appellant had been permitted to amend. ***Id.*** at 11-12 (citing, *inter alia*, Pa.R.C.P. 126). Thus, Appellant concludes, the trial court erred.

In contrast, the Bank contends that no amendment is permitted under the rules. The Bank notes that a party waives all defenses and objections that are not included in the petition, citing in support Pa.R.C.P. 2959(c), and

asserts that Pennsylvania courts have consistently applied our procedural rules to prohibit defendants from amending petitions to strike or open.

For its part, the trial court concluded that Appellant's petition could not be amended. In its opinion, the court stated it could not "ignor[e] the clear and unambiguous language of the [r]ules of [c]ourt." Trial Court Opinion (TCO), May 14, 2014, at 5. The court offered no precedent in support of its decision, rejected Appellant's plea to the equitable powers of the court, and found irrelevant the question whether amendment would prejudice the Bank. *Id.* at 6.

To the extent the trial court determined it was powerless to permit amendment, we disagree. The language employed in Rule 2959 is not unlike that found in Rule 1028 governing preliminary objections. That Rule states, in relevant part:

> *All preliminary objections shall be raised at one time.* They shall state specifically the grounds relied upon and may be inconsistent. Two or more preliminary objections may be raised in one pleading.

Pa.R.C.P. 1028(b) (emphasis added); *see also* Pa.R.C.P. 1032(a) (providing that objections not properly raised by preliminary objection are waived).

The purpose of the requirement that a party raise all objections at one time is "to reduce the number of dilatory steps [available to a party] … and thus expedite the reasonable disposition of the litigation." *Yentzer v. Taylor Wine Co.*, 186 A.2d 396, 398 (Pa. 1962); *see also Wagner v. Wagner*, 768 A.2d 1112, 1120 n.3 (Pa. 2001); *Bowman v. Meadow*

*Ridge, Inc.*, 615 A.2d 755, 757 (Pa. Super. 1992). The single-petition requirement in Rule 2959 fulfills the same purpose. *See generally* Pa.R.C.P. 206.1 (Explanatory Comment – 2013).

However, this Court has previously permitted amendment of preliminary objections. *See Bowman*, 615 A.2d at 757 (declining to find the trial court erred in ruling on amended preliminary objections, despite failure to secure the consent of the adverse party or leave court, where no action had been taken on the original preliminary objections and the amended motion did not delay the proceedings); *see also Dep't of Transp. v. Schodde*, 433 A.2d 143, 145 (Pa. Cmwlth. 1981) ("[A] court has the discretion to allow an amendment of preliminary objections in the absence of an error of law or prejudice to the adverse party.").

More generally, the purpose of our procedural rules is to facilitate the administration of justice, and our courts should apply them with that purpose in mind.

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126; *see also In re Larsen*, 812 A.2d 640, 650 (Pa. 2002) ("Pennsylvania law is well-settled that procedural rules are not ends in themselves, and are not to be exalted to the status of substantive

objectives.") (citing **McKay v. Beatty**, 35 A.2d 264, 275 (Pa. 1944));

**Yentzer v. Taylor Wine Co.**, 186 A.2d 396, 398 (Pa. 1962).

Finally, we conclude that the appellate decisions cited by the Bank are distinguishable from the matter currently before this Court. **See, e.g., Davis v. Woxall Hotel, Inc.**, 577 A.2d 636, 638-39 (Pa. Super. 1990) (declining to address a defense raised on appeal, but not pleaded in appellant's petition to open or strike); **C-Rich Co. v. Davis**, 556 A.2d 413, 417-18 (Pa. 1989) (quashing as interlocutory an appeal from an order denying Appellant's motion to amend its petition to open or strike); **Mellon Bank v. Rafsky**, 535 A.2d 1090, 1091-94 (Pa. Super. 1987) (affirming the trial court's finding of waiver where petitioner in a related matter raised additional grounds to open a confessed judgment "during the course of the hearing," testimony was adduced over several days, and no motion to amend was considered); **J. M. Korn & Son, Inc. v. Fleet-Air Corp**, 446 A.2d 945, 947 (Pa. Super. 1982) (reversing the trial court's decision granting leave to amend "*after judgment had been opened*") (emphasis added). None of these cases addresses precisely a petitioner's motion to amend *prior* to the adjudication of the original petition, and we are aware of no appellate decision that does so.

Accordingly, we hold that no strict prohibition of amendments is warranted. In our view, the decision whether to permit a petitioner to amend a petition to open or strike a confessed judgment, presented prior to

adjudication of the merits of the original petition, is best left to the discretion of the trial court. In exercising this discretion, a trial court should examine the proposed amendments and consider whether amendment will unduly prejudice the opposing party. *See, e.g., Horowitz v. Universal Underwriters Ins.*, 580 A.2d 395, 398-400 (Pa. Super. 1990) (discussing undue prejudice).

That does not end our analysis, however, for we may affirm the trial court on any ground. *See, e.g., Commonwealth v. Price*, 876 A.2d 988, 994 (Pa. Super. 2005). It is not clear from the record when the trial court considered the substance of Appellant's proposed amendments. There is no transcript of the argument, and Appellant did not submit written, proposed amendments until July 18, 2013, nearly a week after the court denied its initial petition.[2] Nevertheless, it is clear that the court considered and rejected them. *See* TCO, at 7-9 (concluding that Appellant's allegations of conspiracy and fraud were of questionable relevance, devoid of merit, and, at least in part, previously rejected by the court in a different case). We have reviewed the content of Appellant's allegations and agree with the trial court. Accordingly, we discern no abuse of the court's discretion in denying Appellant's motion to amend its petition.

_____

[2] Appellant attached its proposed amendments to its motion for reconsideration.

Appellant also contends that the Court should have granted its motion for reconsideration. "Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal." ***Provident Nat'l Bank v. Rooklin***, 378 A.2d 893, 897 (Pa. Super. 1977) (citing ***McCready v. Gans***, 89 A. 459 (Pa. 1913)). Accordingly, the issue is not properly before this Court.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/31/2014