

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2006

# In Re: deLone

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1932

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: deLone " (2006). *2006 Decisions.* Paper 205.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/205

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1932
_____

IN RE: H. FRANCIS DELONE, JR.,

Debtor

H. Francis deLone, Jr.,

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. Nos. 05-cv-05707 & 05-cv-06345)
District Judge: Honorable John P. Fullam

_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2006

Before: RENDELL, AMBRO and ROTH, Circuit Judges

(Filed November 15, 2006 )

_____

OPINION
_____

PER CURIAM

Appellant H. Francis deLone, Jr., appearing pro se, appeals the District Court's

order affirming the Bankruptcy Court's orders lifting the automatic stay and dismissing

his bankruptcy proceeding. For the reasons that follow, we will affirm.

In March of 2003, the Delaware County Court of Common Pleas issued an order granting mortgage foreclosure to Washington Mutual Bank, at that time the holder of the mortgage on Appellant's home at 478 St. David's Avenue in Wayne, Pennsylvania. On September 24, 2004, Washington Mutual assigned the mortgage, for which it had already obtained a foreclosure judgment, to Homecomings Financial Network, Inc. ("Homecomings").

On March 15, 2005, Appellant filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Appellant then filed a proposed Chapter 13 plan. On June 22, 2005, Wilshire Credit Corporation ("Wilshire"), acting as the servicer for Homecomings, filed a proof of claim in connection with the bankruptcy proceedings. The proof of claim included the principal amount owing on the mortgage as of March 15, 2005, plus interest, arrearages, and other charges. Wilshire also filed objections to confirmation of the plan proposed by Appellant and a motion seeking relief from the automatic stay.

The Bankruptcy Court held a hearing on July 26, 2005, at which it concluded that Appellant's plan was insufficient to cover his debts, ordered him to file an amended plan, and scheduled a final hearing on Wilshire's motion for relief from the stay. Appellant filed an amended Chapter 13 Plan on August 19, 2005. On September 21, 2005, the Bankruptcy Court entered an order granting Wilshire's motion for relief from the automatic stay. Then, in an order dated October 28, 2005, the Bankruptcy Court denied

2

confirmation of the amended bankruptcy plan and ordered the case dismissed. Appellant appealed both of these decisions to the United States District Court for the Eastern District of Pennsylvania, which affirmed the Bankruptcy Court's orders on February 13, 2006. It is from this order that Appellant now appeals.

We have jurisdiction to review the District Court's order under 28 U.S.C. §§ 158(d) & 1291. Our review is plenary. See Kool, Mann, Coffee & Co. v. Coffey, 300 F.3d 340, 353 (3d Cir. 2002). We review the Bankruptcy Court's determinations as the District Court would. See id. We do not set aside factual findings of the Bankruptcy Court unless they are clearly erroneous. See id. We subject the legal determinations of the Bankruptcy Court to plenary review, and review its exercises of discretion for abuse thereof. See id.

Appellant advances two arguments on appeal: (i) that the Bankruptcy Court erred in concluding that he was required to continue to make payments on the original mortgage even after his mortgage debt had been reduced to judgment by the Court of Common Pleas' 2003 order; and (ii) that the Court erred in rejecting his amended plan where 11 U.S.C. § 1322(b) and (c) permit a debtor to pay off long-term debt within a "reasonable period of time" rather than a set time.

Neither of these arguments is meritorious. The proof of claim filed by Wilshire reflected the amount Appellant would owe should he reinstate his mortgage via his Chapter 13 plan. If Appellant's plan had been confirmed and he had reinstated the mortgage, he would have been required to pay the arrears on the mortgage as detailed in

3

Wilshire's proof of claim, and then to continue to maintain regular mortgage payments according to the original terms of the mortgage. See In re Cole, 122 B.R. 943, 950 (Bankr. E.D. Pa. 1991). Because Appellant's plan has not been confirmed, and therefore the mortgage not reinstated, Appellant currently owes Wilshire no more than the amount reduced to judgment by the Court of Common Pleas.

Appellant's argument that the Bankruptcy Court erred in rejecting his plan is similarly misguided. Appellant maintains that 11 U.S.C. § 1322(b) and (c) permit him a "reasonable amount of time to cure the mortgage foreclosure judgment against his home."

These sections provide:

(b)     Subject to subsections (a) and (c) of this section, the plan may–

    (2)     modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . .

    (3)     provide for the curing or waiving of any default; . . .

    (5)     notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due . . . .

(c)     Notwithstanding subsection (b)(2) and applicable nonbankruptcy law–

    (1)     a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is cond

    (2)     in a case in which the last payment on the original payment

4

schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

DeLone's amended plan contemplated paying $412 per month for 60 months and making mortgage payments in the amount of $1550 per month for 30 years. However, § 1322(b)(2) precludes debtors from modifying the rights of home lenders. If Appellant intended to keep his home and continue making mortgage payments, he was required to do so according to the original terms of the mortgage and not according to the terms of his plan. See In re Cole, 122 B.R. at 950. Furthermore, even if Appellant intended to take this course, he would first be required to cure the default on his mortgage pursuant to § 1322(b)(5). See id. This would have to be done "within a reasonable time," which we have interpreted as meaning "within the duration of the chapter 13 plan, which may not exceed five years." Sapos v. Provident Institution of Savings, 967 F.2d 918, 926 (3d Cir. 1992). In addition to altering the terms of the mortgage agreement, Appellant included no provision in his plan for curing the default on the mortgage within five years. In the alternative, if Appellant intended to pay off the foreclosure judgment in the context of Chapter 13, he was required to have made provisions to do so within five years. See 11 U.S.C. § 1322(a)(2), (d). Because Appellant's plan was underfunded and would have altered Wilshire's rights under the mortgage agreement, the Bankruptcy Court did not err in lifting the automatic stay and dismissing the bankruptcy proceedings. See 11 U.S.C. § 362(d), 1307(c), 1325.

5

Accordingly, we will affirm the judgment of the District Court.