J-A29038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LSF9 MASTER PARTICIPATION TRUST | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JEANNIE BEATTY NKA JEANNIE PASTERNAK AND LUKE PASTERNAK | : | No. 801 WDA 2019 |
| Appellants | | |

Appeal from the Order Entered April 9, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  MG-17-000443

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED JANUARY 2, 2020**

Jeannie Beatty n/k/a Jeannie Pasternak and Luke Pasternak (the Pasternaks) appeal from the order of the Court of Common Pleas of Allegheny County (trial court) granting summary judgment in favor of LSF9 Master Participation Trust (Lender) in this mortgage foreclosure action.  We affirm.

**I.**

In 2007, the Pasternaks executed a mortgage and promissory note in the amount of $118,560.94, which was secured by real property located at Brooklawn Drive in Baldwin Borough, Allegheny County.  The mortgage was executed in favor of Lender's predecessor-in-interest, Wells Fargo Financial

_____

[*] Retired Senior Judge assigned to the Superior Court.

Pennsylvania, Inc. (Wells Fargo), and recorded in the Office of the Recorder of Deeds of Allegheny County.

In April 2011, the Pasternaks filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania. Under their Chapter 13 plan, the Pasternaks would continue to make their monthly mortgage payments of $1,167.51 to Wells Fargo. The Pasternaks were eventually discharged from bankruptcy in December 2015. Relevant to this appeal, the bankruptcy trustee's final report and accounting showed a total of $58,765.70 being disbursed to Wells Fargo as a secured creditor. That following year, in August 2016, Wells Fargo assigned the mortgage to Lender.

In April 2017, Lender filed this mortgage foreclosure action against the Pasternaks, averring that they had defaulted on their mortgage payments and owed the following:

| | |
|---|---|
| Principal | $69,237.03 |
| Interest thru 04/04/2017 | $ 8,838.15 |
| Escrow Balance | $ 4,217.96 |
| Tax Balance | $ 469.15 |
| Inspections | $ 105.00 |
| **TOTAL** | **$82,867.29** |

Complaint in Mortgage Foreclosure, 4/12/17, at ¶ 10.

After the denial of preliminary objections, the Pasternaks filed an answer and new matter admitting default but disputing the amount owed. They first challenged the principal owed by claiming that Lender failed to properly account for their payments to Wells Fargo during bankruptcy, which they

claimed were "principal payments."[1]  They also disputed owing any escrow because, according to them, they had paid all taxes and insurance on the property.  Lender replied that the $58,765.70 disbursed through bankruptcy was not applied solely to the principal because the lender determines how those payments are applied, and that the escrow balance were funds that were advanced on behalf of the Pasternaks by either Lender or its predecessor-in-interest.

On September 20, 2018, Lender filed a motion for summary judgment, alleging that the Pasternaks now owed $92,988.24, including an escrow balance of $3,679.45.  The Pasternaks responded that there were still material issues of fact raised about what they owed.  On April 9, 2019, the trial court entered an order granting the motion for summary judgment and entering judgment *in rem* in favor of the Lender.  A few days later, the Pasternaks filed a motion for reconsideration, which the trial court denied.

The Pasternaks timely appealed and raise three issues for our review:

A. Whether the Trial Court erred by asserting that there were no genuine issues of material fact when it was well-pleaded that the balance of the mortgage was incorrect on the Plaintiff's Complaint?

B. Whether the Trial Court incorrectly determined the amount due to the Plaintiff because, in addition to the incorrect amount of mortgage due, Defendants have also been paying the taxes and insurance for the Property?

---

[1] Based on this contention, the Pasternaks also contended that Lender's interest calculation was incorrect.

C. Whether the Trial Court erred when it did not allow for reconsideration of the Motion due to inconsistent pleadings and issues of material fact that would otherwise prevent summary judgment to be granted?

## II.

The Pasternaks' first two issues challenge the trial court's grant of summary judgment in favor of Lender.[2]   Regarding mortgage foreclosure

_____

[2] This Court's scope and standard of review of a trial court's order granting summary judgment is well-settled:

> In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court.  Our Supreme Court has stated the applicable standard of review as follows:  [A]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law.  In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.  As our inquiry involves solely questions of law, our review is de novo.

> Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder.  If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

**Gerber v. Piergrossi**, 142 A.3d 854, 858 (Pa. Super. 2016) (citation omitted).  Summary judgment in mortgage foreclosure actions is subject to the same rules as other civil actions.  See Pa.R.C.P. 1141(b).

proceedings, we have stated that "[i]n actions for *in rem* foreclosure due to the defendant's failure to pay a debt, summary judgment is proper where the defendant admits that he had failed to make the payments due and fails to sustain a cognizable defense to the plaintiff's claim." ***Gateway Towers Condo. Ass'n v. Krohn***, 845 A.2d 855, 858 (Pa. Super. 2004). In addition, our Supreme Court has stated that in mortgage foreclosure cases, the entry of summary judgment is proper where it is admitted that the mortgage is in default, the mortgagors have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount, even though the defendant never admits the amount of the indebtedness in their pleadings. ***Landau v. Western Pennsylvania National Bank***, 282 A.2d 335, 340 (Pa. 1971).

The Pasternaks contend that there was a genuine issue of material fact to the principal owed. According to them, all of their payments during bankruptcy were "principal payments" because the trustee listed the $58,765.50 under the "principal paid" column in her final report and account. ***See*** Pasternaks' Brief at 7.[3] Lender counters that because the mortgage was a long-term continuing debt, it was the lender and not the trustee who

---

[3] The Pasternaks did not attach or include the trustee's final report and accounting with their February 7, 2018 answer and new matter. However, the report was included in their May 23, 2017 preliminary objections to the complaint in mortgage foreclosure.

- 5 -

determined how the borrowers' payments were applied to the mortgage. **_See_** Lender's Brief at 7.

We agree with Lender. A Chapter 13 bankruptcy plan does not alter how the debtor's payments will be applied by the lender because Section 1322(b)(2) of the Bankruptcy Code precludes debtors from modifying the rights of home lenders. **_See In re deLone_**, 205 Fed.Appx. 964, 967 (3rd. Cir. 2006).[4] When the Pasternaks filed their voluntary bankruptcy petition in 2011, the terms of the note and mortgage were not altered. As a result, Wells Fargo, as Lender's predecessor-in-interest, could apply the Pasternaks' monthly mortgage payments to interest and principal in accordance with the original note. Their mortgage payments did not become interest-free simply because they paid them through a bankruptcy plan, and the Pasternaks cite no case law to support such a proposition. That the trustee's report listed the $58,765.50 under the column for "principal paid" cannot support the Pasternaks' argument that Lender miscalculated the principal. Accordingly, the trial court did not err in holding that there was no material issue of fact as to the principal amount owed.

---

[4] Section 1322(b)(2) of the Bankruptcy Code provides that a plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims[.]" 11 U.S.C. § 1322(b)(2).

The Pasternaks also contend that their pleadings created a genuine issue of material fact about the escrow owed. First, their answer clearly did not do this, having failed to plead any specific facts refuting any amount owed, answering instead: "Denied. It is strictly denied that Defendants owe the balance as stated by the Plaintiff and strict proof is required at time of trial." Answer and New Matter, 2/7/18, at ¶ 10. This Court has observed that general denials constitute admissions when a specific denial is required. **See Bank of America, N.A. v. Gibson**, 102 A.3d 42, 466-67 (Pa. Super. 2014) (citing Pa.R.C.P. 1029(b)).

Moreover, the Pasternaks' new matter did not create a genuine issue of material fact. Rather than provide specific dates of payment of insurance and taxes, the Pasternaks averred that they "have paid taxes and insurance for the Property since the inception of the mortgage." Answer and New Matter, 2/7/18, at ¶ 22. However, they did not include or attach any substantiating documents corroborating their averment. In addition, responding to the motion for summary judgment, the Pasternaks generally denied the amount owed, stating that they had already given their reasons for disputing the amount owed, not attaching any substantiating documents corroborating their averment. **See** Response to Motion for Summary Judgment, 12/4/18, at ¶ 7.

When responding to a motion for summary judgment setting forth evidence establishing the moving party's right to relief, "the adverse party may not rest upon mere allegations or denials of the pleadings," Pa.R.C.P.

1035.3(a), but must identify evidence controverting the evidence cited in support of the motion or establishing facts essential to the defense that the motion cites as not having been produced. Pa.R.C.P. 1035.3(a)(1)-(2). "[P]arties seeking to avoid the entry of summary judgment against them … are required to show, by depositions, answers to interrogatories, admissions[,] or affidavits, that there is a genuine issue for trial." **Wash. Fed. Sav. & Loan Assn. v. Stein**, 515 A.2d 980, 981 (Pa. Super. 1986).

Here, the Pasternaks generally denied the amount owed in their answer and then claimed in their new matter that they had paid all the insurance and taxes without providing specifics or corroborating evidence beyond that. When faced with summary judgment, rather specifically denying that they owed any escrow or that any funds were advanced to ensure the payment of the property's taxes or insurance, the Pasternaks instead chose to rely on their previous pleadings in disputing the amount owed. Under Pa.R.C.P. 1035.3(a), the Pasternaks needed to identify evidence controverting Lender's factual averment that they owed escrow. By failing to do that, the trial court did not err in granting summary judgment.

In their final issue, the Pasternaks argue that the trial court should have granted their motion for reconsideration of its order granting summary judgment. However, an order denying reconsideration is unreviewable on appeal. **See Huntington Nat. Bank v. K-Cor, Inc.**, 107 A.3d 783,787 (Pa. Super. 2014) ("Pennsylvania case law is absolutely clear that the refusal of a

trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/2/2020