J-A14013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN RE: ALBERT BONIELLA, AN : IN THE SUPERIOR COURT OF
ALLEGED INCAPACITATED PERSON : PENNSYLVANIA
:
:
:
APPEAL OF: DAVID BONIELLA :
:
:
:
:
: No. 993 WDA 2019

Appeal from the Order Entered June 3, 2019
In the Court of Common Pleas of Fayette County Orphans' Court at
No(s): 32-OC-2015

BEFORE: SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 14, 2020**

Appellant, David Boniella, appeals from the order filed on June 3, 2019,

denying his Grievance Petition and Petition for Guardianship Review.[1] For the

reasons set forth herein, we dismiss the appeal.

_____

[1] We note that Appellant purportedly appealed both the June 3, 2019 order and the June 18, 2019 order denying its reconsideration. Appellant should have appealed from only the trial court's June 3, 2019 order, as that is a final appealable order. An order denying a motion for reconsideration is not appealable. **See Huntington National Bank v. K−Cor, Inc.**, 107 A.3d 783, 787 (Pa. Super. 2014) ("Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal.") (quotation omitted). Furthermore, a petition for reconsideration does not toll the thirty-day period for filing a timely appeal. **Cheathem v. Temple University Hospital**, 743 A.2d 518, 520 (Pa. Super. 1999). Because Appellant filed a notice of appeal on June 28, 2019, which was within thirty days of the trial court's June 3, 2019 order, we will not quash the appeal as untimely, and we amend the caption to reflect this is an appeal from the June 3, 2019 order.

On September 18, 2015, the Southwestern Pennsylvania Area Agency on Aging filed a petition under 20 Pa.C.S. § 5511, alleging that Albert Boniella ("Albert"), then age ninety-one and suffering from senile dementia, was incapacitated and requesting that his daughter, Marlene Olinzock ("Marlene") be appointed as his plenary guardian. Petition Under Section 5511 of the Probate, Estates and Fiduciaries Code, 9/18/15, at unnumbered 2–3. In response, Appellant filed a grievance petition wherein he challenged the extent of Albert's incapacity and represented that Albert would be better served if placed at home with Appellant as his guardian. Grievance Petition, 10/14/15, at 1–8. After a hearing, on November 18, 2015, the orphans' court determined that Albert suffered from senile dementia rendering him mentally incapacitated and appointed Marlene as plenary guardian of Albert's person and estate. Order, 11/18/15, at unnumbered 2. Appellant's motion for reconsideration of the court's order was denied on March 26, 2018.

That same day, Appellant filed a petition for a guardianship review hearing claiming that Marlene was not acting in Albert's best interest and requested the court either to vacate the guardianship as unnecessary or alternatively, to appoint him as Albert's guardian. Before the court ruled, on April 26, 2019, Appellant filed another petition for a review hearing reiterating his complaint concerning Marlene's fitness to serve as Albert's guardian. On May 22, 2019, Marlene filed a response to the petition, and on May 28, 2019, Appellant filed a rebuttal to the response.

After a hearing, on June 3, 2019, the orphans' court denied the relief requested in Appellant's petition for guardianship review and ordered that Marlene remain Albert's plenary guardian. As noted in note 1 *supra*, Appellant filed for reconsideration of his petition, which the court denied on June 18, 2019. This appeal followed.

On October 3, 2019, the orphans' court filed a Statement in Lieu of an Opinion concluding that Appellant's claims were waived for failure to file a court-ordered Pa.R.A.P. 1925(b) statement. The orphans' court recounted the following:

> After this [c]ourt received notice of [Appellant's] appeal (filed with the Pennsylvania Superior Court on June 28th, 2019) this [c]ourt ordered [Appellant] to submit to the court "a concise statement of errors complained of on appeal" within twenty-one (21) days after July 11th, 2019, and advised [Appellant] that any issue not properly included in the concise statement shall be deemed waived pursuant to Pa.R.A.P. 1925(b). To date, this [c]ourt has not received such a statement from [Appellant]. As a result, [the court] believed the appeal was abandoned.
>
> For the foregoing reasons, and upon review of the record, this [c]ourt believes that all issues are waived for failure to submit a concise statement of errors complained of on appeal.

Statement in Lieu of Opinion, 10/3/19, at unnumbered 2.

In determining whether the orphans' court waiver decision is sustainable, we look to the certified record before us as well as pertinent rules and case law. The record reflects that the order directing Appellant to file a Rule 1925(b) statement is dated July 11, 2019. It was filed with the Fayette County Register of Wills that day, as is evidenced by the time stamp the order bears. In addition, an affidavit of service is attached to the order, indicating

- 3 -

that it was served on Appellant by first class mail on July 11, 2019. However, the docket sheet contains no information regarding when or how Appellant was served. The last entry on the docket sheet included in the certified record is the notice of appeal filed on June 28, 2019.

Generally, "if an appellant fails to file a timely 1925(b) statement as ordered by the trial court, all issues will be waived for purposes of appellate review*." Greater Erie Industrial Development Corp. v. Presque Isle Downs*, 88 A.3d 222, 224-225 (Pa. Super. 2014). However, "[a] civil order is not considered to be entered on the docket until the prothonotary makes a notation on the docket of compliance with the notice requirement of Pa.R.C.P. 236(b)." *Fischer v. UPMC,* 34 A.3d 115, 121 (Pa. Super. 2011). Rule 236(b) mandates that "[t]he prothonotary shall note in the docket the giving of the notice . . . ." Specific to the instant matter, we have held that "if the docket does not show that notice of the entry of a Rule 1925(b) order was provided to an appellant, then we will not conclude that the appellant's issues have been waived for failure to file a Rule 1925(b) statement." *In re L.M.*, 923 A.2d 505, 510 (Pa. Super. 2007) (citations omitted). Thus, based upon the mandatory language of Rule 236(b), we decline to dismiss the appeal on the basis of failure to file a 1925(b) statement.

Nevertheless, we conclude that Appellant's appeal must be dismissed because Appellant's brief utterly fails to conform to the Pennsylvania Rules of Appellate Procedure. Pursuant to Pa.R.A.P. 2101, when a party's brief fails to

conform to the Rules of Appellate Procedure and the defects are substantial, an appellate court may, in its discretion, quash or dismiss the appeal. Pa.R.A.P. 2101; *In re Ullman*, 995 A.2d 1207, 1211 (Pa. Super. 2010) ("This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure."). Moreover, although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding, must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing. *Wilkins v. Marsico*, 903 A.2d 1281, 1284–1285 (Pa. Super. 2006) (citation omitted).

The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief as follows:

**Rule 2111. Brief of the Appellant**

**(a) General Rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the question involved.

(5) Statement of the case

- 5 -

(6) Summary of the argument.

\* \* \*

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.

Pa.R.A.P. 2111(a)(1)–(6); (a)(8)–(11).

Further, Pa.R.A.P. 2119 addresses the argument section of appellate briefs and provides, in part, as follows:

(a) General rule. The argument shall be divided into as many parts as there are questions to be argued; and shall have . . . such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Estate of Haiko v. McGinley***, 799 A.2d 155, 161 (Pa. Super. 2002) (citations omitted). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." ***Lackner v. Glosser***, 892 A.2d 21, 29–30 (Pa. Super. 2006) (citations omitted). This Court will not act as counsel and will not develop arguments on behalf of an appellant. ***Irwin Union National***

***Bank and Trust Company v. Famous and Famous and ATL Ventures***, 4 A.3d 1099, 1103 (Pa. Super. 2010) (citation omitted).

Appellant's *pro se* brief falls well below the standard delineated in the Rules of Appellate Procedure as it fails to conform with multiple rules pertaining to the construction of appellate briefs. Appellant's brief does not include a statement of jurisdiction, a statement of the scope and standard of review, a statement of the question involved, a statement of the case, a summary of the argument, a copy of the orphans' court statement in lieu of an opinion, and, obvious from the discussion above, a copy of the 1925(b) statement. Even more disconcerting is the fact that Appellant's brief does not contain any meaningful discussion of relevant legal authority. Rather, Appellant's five-page document consists of a diatribe of Appellant's version of the facts without reference to any specific legal issue and without citation to or discussion of any legal authority. ***See Deal v. Children's Hospital of Philadelphia,*** 223 A.3d 705, 714 (Pa. Super. 2019) (when an appellant cites no authority on an issue, that issue is waived). Appellant also improperly directs this Court to review his prior filings in this matter. ***Id.*** (incorporation by reference of other documents does not comply with Rule 2119(a)).

This lack of analysis hinders our meaningful appellate review. Accordingly, because Appellant's brief fails to set forth any coherent discussion of any cognizable legal issue supporting an appeal, we are constrained to dismiss the appeal. ***Lackner,*** 892 A.2d at 29-30.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/14/2020