J-S68001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: R.R., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: C.B. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 821 MDA 2017 |

Appeal from the Order Entered May 10, 2017
In the Court of Common Pleas of Dauphin County Juvenile Division at
No(s): CP-22-DP-0000270-2016

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY LAZARUS, J.: **FILED NOVEMBER 08, 2017**

C.B. (Father) appeals from the order, entered in the Court of Common Pleas of Dauphin County, denying his petition for reconsideration of the order granting Dauphin County and Youth Services' (the Agency) motion to withdraw the dependency petition with respect to his daughter (R.R.) (born 12/06). We are constrained to quash this appeal.

On October 21, 2016, after having received three referrals of Father's neglect and abuse of R.R., the Agency requested a Safety Plan with respect to both parents "as there are some concerns that [Mother][1] may be influencing the child's disclosures and may hinder the Agency's investigations due to her

---

[1] Mother and Father were never married and they ended their relationship shortly after R.R. was born. The custody order provided Father with custody the first three weekends of each month, with Mother having custody the remainder of the time.

---

* Retired Senior Judge assigned to the Superior Court.

feelings toward [Father]." *Id.* at 8. The Safety plan provided that while exercising their respective custody periods, both Mother and Father would have supervised contact with R.R. (by maternal grandfather when R.R. is with Mother, and paternal grandmother when R.R. is with Father), pending the outcomes of the investigations. *Id*.

On October 26, 2016, Mother rescinded her agreement to the Safety Plan at a hearing before Hearing Examiner Sandra O'Hara. The Hearing Examiner issued a recommended order providing that R.R. be placed in emergency foster care, with Mother and Father to have only supervised visitation. That same day, the Agency filed a dependency petition. The petition alleged that R.R. was a dependent child who was without proper care or control, under section 6302(1) of the Juvenile Act, 42 Pa.C.S. §§ 6301-6375. *See* Dependency Petition, 10/26/16, at 4. The Agency also averred that it would be "contrary to the welfare, safety and health of [R.R.] to remain under the care of her parents." *Id*. at 4.

The Honorable John F. Cherry adopted the Hearing Examiner's recommended order, issued a verbal pick-up order, directed the Agency take temporary custody of R.R., and appointed a guardian *ad litem* for R.R. The court also scheduled a Shelter Care Hearing for November 9, 2016. *See* Trial Court Opinion, 1/27/17, at 1-2. R.R. was placed with a foster family in Mechanicsburg. The Court noted it would issue a Shelter Care order but would not consider adjudication and disposition until completion of the directives of the Shelter Care Order. *See* Pa.R.J.C.P. 1240 *et seq.*

- 2 -

Following the November 9, 2016 Shelter Care Hearing, the court ordered R.R. to remain in the custody of the Agency, pending the completion of the abuse investigation and the completion of psychological evaluations for Mother, Father and R.R. **See** 42 Pa.C.S. §§ 6332, 6351. Mother appealed from the Shelter Care order, objecting to the court's finding that R.R. required placement, and this Court ultimately dismissed that appeal.[2]

By mid-December, 2016, both Mother and Father had participated in psychological evaluations. By December 19, 2016, the Agency had determined that all three of the reports of abuse and neglect were unfounded. 23 Pa.C.S. § 6303. R.R. had not yet undergone psychological evaluation.

On February 3, 2017, the Agency filed a petition to withdraw the dependency petition pursuant to Pa.R.J.C.P. 1335.[3] On February 9, 2017, Father filed a motion to enforce the court's order to conduct a psychological evaluation of R.R. pending Mother's appeal of the shelter care order. Motion

---

[2] On February 28, 2017, the trial court granted the Agency's motion to withdraw the dependency petition with respect to R.R, and, on April 7, 2017, this Court dismissed Mother's appeal from the shelter care order as moot. **See In the Interest of R.R., Appeal of A.Z.**, 2019 MDA 2016, filed 4/7/17. **See also** Pa.R.A.P. 1972(a)(4) (authorizing dismissal for mootness). Mother filed a motion for reconsideration, which this Court denied. Order, 2019 MDA 2016, filed May 4, 2017.

[3] Rule 1335 provides that "[t]he attorney for the county agency may withdraw the petition. The withdrawal shall be filed with the clerk of courts." Pa.R.J.C.P. 1335.

to Enforce Court's Order to Conduct Psychological Evaluation of Child During Pendency of Current Appeal, 2/9/17, at 11.[4]

On February 28, 2017, the trial court granted the Agency's motion to withdraw the dependency petition. **See** Order, filed 3/2/17. The Agency released R.R. back to Mother, as primary custodian. On March 9, 2017, Father filed a motion for reconsideration of the court's order, and the guardian *ad litem* filed a court-ordered response. The court denied Father's motion for reconsideration on May 10, 2017, and on May 19, 2017 Father filed his notice of appeal.

An order denying a motion for reconsideration is not appealable. **Huntington Nat. Bank v. K–Cor, Inc.**, 107 A.3d 783, 787 (Pa. Super. 2014) ("'Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal.'") (quoting **Provident Nat'l Bank v. Rooklin**, 378 A.2d 893 (Pa. Super. 1977)). **See Valentine v. Wroten**, 580 A.2d 757 (Pa. Super. 1990) (appeal will not lie from order denying motion for reconsideration). Moreover, filing a motion for reconsideration neither extends nor tolls the appeal period absent a stay of the judicial proceedings. **Cheathem v. Temple Univ. Hosp.**, 743 A.2d 518, 520 (Pa. Super. 1999). **See Gardner v. Consol. Rail Corp**., 100 A.3d 280, 283 (Pa. Super. 2014) ("[A] motion for reconsideration, unless expressly granted within the thirty-day appeal period, does not toll the time

---

[4] The disposition of this motion is not included in the docket or record before us.

- 4 -

period for taking an appeal from a final, appealable order."); Pa.R.A.P. 1701(b).

Here, the trial court entered the order withdrawing the dependency petition on February 28, 2017. Father's March 9, 2017 motion for reconsideration did not stay the appeal period. Accordingly, the appeal period expired on March 30, 2017. Father's motion for reconsideration, which was not granted, did not toll the time period for taking an appeal from the February 28, 2017 order granting the Agency's petition to withdraw. As the comment to Pa.R.A.P. 1701 explains, although a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition. Father's appeal, therefore, is untimely. Pa.R.A.P. 903(a).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2017

- 5 -