J-A05001-26 and J-A05002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF MAURICE R. DAVIS, JR., DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: LAWRENCE COLLOPY, LAURA COLLOPY, AND ALEXIS COLLOPY | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1459 EDA 2025 |

Appeal from the Order Entered May 22, 2025
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s):  202DE of 2025

| | | |
|---|---|---|
| IN RE: ESTATE OF MAURICE R. DAVIS, JR., DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: LAWRENCE COLLOPY, LAURA COLLOPY, AND ALEXIS COLLOPY | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1376 EDA 2025 |

Appeal from the Order Entered April 16, 2025
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s):  202DE of 2025

BEFORE:  KUNSELMAN, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 26, 2026**

Lawrence, Laura, and Alexis Collopy ("the Collopys"), the grandchildren of Maurice Davis, Jr. ("Decedent"), appeal from the decree confirming the account of the Decedent's estate (1376 EDA 2025, "first appeal").  They claim that the orphans' court erred in adjudicating the account.  Additionally, the Collopys appeal from the orphans' court's denial of their motion seeking

reconsideration of its decree confirming the account (1459 EDA 2025, "second appeal"). Upon review, we affirm the Collopys first appeal and quash their second appeal.[1]

Decedent died testate on June 8, 2019, as a resident of Philadelphia County, Pennsylvania. Decedent was not married at the time.

Sometime prior to his death, Decedent initiated a personal injury action for malignant mesothelioma. His case continued for years.

On May 1, 2019, shortly before his death, Decedent executed a will making certain specific bequests and leaving the residue of his estate in equal shares to his mother, Rhoda Davis-Lobey, and one-fourth each to his grandchildren, to be placed in trust, per Article V, Distribution of Residue of Estate, thereof. He named his sister, Susan Resari ("Resari"), as executrix and trustee.

On June 7, 2019, the day before he died, Decedent executed a codicil to his will adding another provision to Article III, Specific Bequests. Therein, he bequeathed 100% of the proceeds from his lawsuit to his mother. Decedent further provided that, if she did not survive him, or she failed to

---

[1] "'Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal.'" **Huntington Nat. Bank v. K-Cor, Inc.**, 107 A.3d 783, 787 (Pa. Super. 2014) (quoting **Provident Nat'l Bank v. Rooklin**, 378 A.2d 893, 897 (Pa. Super. 1977). The proper appeal lies from the final order confirming the Decedent's account, here, the Colopys' first appeal. Thus, we quash the Collopys' second appeal.

exhaust the proceeds from the lawsuit, he gave the remaining balance to his sisters, in equal shares, per stirpes. He did not name his sisters.

Following his death, Decedent's estate was raised on August 12, 2019. Resari was granted letters testamentary and appointed as executrix. That same day, the register admitted Decedent's will dated May 1, 2019, and the codicil thereto, dated June 7, 2019, to probate. At the time of probate, the beneficiaries were the Collopys and Decedent's mother.

During the pending administration of Decedent's estate and prior to resolution of his lawsuit, Decedent's mother and one sister, Patricia Kaminski, died. His sisters, Rhoda Davis and Resari survived.

Years later, in 2024, Decedent's estate reached a tentative proposal in the Decedent's mesothelioma lawsuit, which required court approval. Counsel in the lawsuit presented a motion for approval of the settlement, which proposed allocation of the $1,636,161.30 net proceeds as 1/3 to the wrongful death action and 2/3 to the survival action. Prior to presentation thereof, counsel explained this to the Collopys and Decedent's sisters.

The court, however, did not approve the proposed settlement and, instead, allocated 100% of the net proceeds to the survival action. Had the court approved the settlement as originally proposed, each grandchild would have received $180,000 as statutory beneficiaries. Instead, they received nothing.

On March 4, 2025, Resari filed a petition for adjudication and accounting ("account") of her actions as executrix for the period of December 31, 2023,

to February 28, 2025. This included distribution of the $1,636,161.00 from Decedent's lawsuit to Decedent's sisters in accordance with the codicil. The beneficiaries listed in the accounting were Christopher Kaminski, Robert Kaminski, Jr. (children of Decedent's deceased sister Patricia Kaminski), Resari, and Rhoda Davis. Resari sent notice of the Audit List hearing date, April 7, 2025, and a copy of the petition to the Collopys.

On March 20, 2025, the orphans' court issued a decree scheduling the matter for hearing on April 7, 2025. The court and Resari sent notice of the decree to the Collopys. The Collopys did not file any objections to the account before the hearing.

The orphans' court conducted the hearing as scheduled, at which time counsel for the estate was present via Zoom. The Collopys attended the hearing but did not participate. On April 16, 2025, the court confirmed the account by decree.[2]

On May 8, 2025, the Collopys filed a motion for reconsideration requesting that the orphans' court vacate the adjudication of the account and that the estate be distributed in accordance with the Decedent's will of May 1, 2019, instead of the codicil dated June 7, 2019.

On May 16, 2025, the Collopys appealed the orphans' courts adjudication of account, while their motion for reconsideration was still pending.

_____

[2] This was a final order for purposes of appeal.

Thereafter, on May 20, 2025, Resari filed a response to the motion for reconsideration and raised new matter claiming the Collopys' challenge to Decedents' will and codicil was untimely.

On May 22, 2025, the orphans' court denied the Collopys' motion for reconsideration. The Collopys also appealed that decree.

Because an order denying a motion for reconsideration is generally not appealable, this Court issued a show cause order in the second appeal. In response, the Collopys indicated that they did not file objections to the account sooner because they did not receive notice of the hearing on the account, and, therefore, the orphans' court should have granted reconsideration.

This Court then issued a show cause order in the Collopys' first appeal, inquiring why their appeal should not be dismissed based on waiver for failure to raise timely objections with the orphans' court. The Collopys responded indicating that the reasons for the delay were set forth in their appellate brief. We discharged the show cause orders and deferred consideration of both matters to the merits panel.[3]

In their first appeal, the Collopys claim that the orphans' court erred when it confirmed the account. They raise several issues in support of their position:

_____

[3] The Collopys and the court complied with Appellate Rule 1925.

- 5 -

a) The [Collopys] did not receive proper notice of the audit of the account.

b) The assets listed in the accounting were not listed in a filed inventory.

c) The beneficiaries of the accounting were different from those listed in the notice of beneficial interest sent to the beneficiaries.

d) The probate was achieved through the submission of a false witness oath.

e) The codicil to the will was executed one day before decedent's death, drastically changed his testamentary scheme set forth approximately one month earlier, and contains scribble bearing no similarity to his signature at a time he was receiving heavy doses of dilaudid.

f) [Resari] continually advised the beneficiaries they would be receiving a portion of the personal injury proceeds.

Collopys' Brief at ii (excessive capitalization omitted).

Before addressing the merits of the Collopys issues, we first consider whether the Collopys' issues have been preserved for our review. As we queried in our show cause order, Resari claims that the Collopys waived all their appellate issues because they failed to file timely objections with the orphans' court. She argues that the Collopys were properly notified. Resari maintains that, on March 4, 2025, Resari sent all parties, including the Collopys, a copy of the petition for adjudication with accounting and hearing, to be held on April 7, 2025. The Collopys were notified of the hearing again on March 20, 2025. Despite this, the Collopys did not file any objections to the account or raise any at the time of the hearing. Therefore, according to Resari, the Collopys first appeal should be dismissed. Resari's Brief at 9, 11-12.

The Collopys claim that they did not receive proper notice. Specifically, they argue that they did not receive notice until March 20, 2025. They further argue that Resari informed them that objections had to be filed 20 days before the hearing, which could not have been done timely given that the objections were due two days before the decree was issued. Additionally, the Collopys claim they appeared at the hearing but were told it had been recessed. Therefore, according to the Collopys, the orphans' court should not have confirmed the account, and this Court should reverse the court's decree. Collopys' Brief at 7, 10. We disagree.

Appellate Rule 302 provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. "Hence, only claims properly presented in the lower court are preserved for appeal." **Coulter v. Ramsden**, 94 A.3d 1080, 1089 (Pa. Super. 2014). Additionally, our Supreme Court has held that where an objection was not filed with the judge auditing the estate prior to confirmation of the account, the issue was waived. **See Estate of Tose**, 393 A.2d 629, 632 (Pa. Super. 1978).

Here, our review of the record confirms that the Collopys never raised with the orphans' court any objection to the proposed account. Rather, the first time they raised their issues regarding the account was on appeal. Therefore, the Collopys' issues are waived.

The Collopys' contention that they did not raise any objections with the orphans' court because they did not receive notice of the accounting is unavailing.

The Probate, Estates and Fiduciaries ("PEF") Code requires the person or entity filing the account to give notice to all persons entitled to notice. Section 3503 states in pertinent part as follows:

**§ 3503. Notice to parties in interest**

The personal representative **shall give written notice of the filing of his account and of its call for audit or confirmation** to every person known to the personal representative to have or assert an interest in the estate as beneficiary, heir, next of kin or claimant . . . .

20 Pa.C.S.A. § 3503 (emphasis added). Rule 2.5 requires an accountant to provide notice of filing an account to anyone with an interest in the estate. The Rule provides, in pertinent part, as follows:

**Rule 2.5. Notice of Account Filing**

(a) No Account shall be confirmed or statement of proposed distribution approved unless the accountant has given written notice of the filing of the Account as provided in subparagraph (d) of this Rule to the following, as applicable:

* * *

(3) any other individual or entity known to the accountant to have or claim an interest in the estate or trust as a beneficiary, heir, or next of kin, except for those legatees or claimants whose legacies or claims have been satisfied in full as reflected in the Account or will be satisfied in full as proposed in the petition for adjudication/statement of proposed distribution; and

* * *

(d) Written notice, as provided in subparagraph (a) of this Rule, shall be mailed at least 20 days prior to the audit in those counties having a separate Orphans' Court Division . . . . and the written notice shall state the date of the audit *or* the date by which objections must be filed, and the time and place of the audit, if one is to be held, to the extent then known. If an audit is to be held and the time and place of the audit is not known at the time the notice is mailed, the notice shall state that the time and place of the audit will be provided upon request. A copy of the Account, petition for adjudication/statement of proposed distribution, and any legal paper filed therewith shall be sent with the notice . . . .

* * *

(f) All notices and additional notices shall be sent by first-class United States mail, postage prepaid. Service by mail is complete upon mailing.

* * *

Pa.O.C. Rule 2.5(a)(3), (d), (f) (emphasis added).

We further observe that: "Lack of notice and an opportunity to be heard constitutes a violation of due process of law and results in an invalid judgment." *Shay v. Flight C Helicopter Servs.*, 822 A.2d 1, 11 (Pa. Super. 2003); s*ee also In re Galli's Estate*, 17 A.2d 899, 903 (Pa. 1941) ("[N]otice was indispensably necessary to give jurisdiction, and, without such notice and an opportunity to appellant to be heard, the decrees of the court were absolutely void.") (citation omitted).

Here, however, the Collopys argument that they lacked notice is belied by the record. On March 4, 2025, Resari sent the Collopys a copy of the petition for adjudication with accounting for an audit hearing and notice of the scheduled hearing date. Because notice was provided more than 20 days before the audit hearing date indicated in the letter, it complied with Rule 2.5.

The orphans' court then issued a decree on March 19, 2025 (filed March 20, 2025), listing the matter for audit, setting the date and time, and providing specific zoom instructions so the parties could participate.  The court sent this notice out as required by Rule of Civil Procedure 236.  The next day, on March 20, 2025, Resari also sent a copy of that decree to the Collopys.  Thus, as Resari maintains, the Collopys received notice of the audit hearing twice.

The Collopys further contend that they failed to file objections because the 20-day time for doing so prior to the audit, according to Resari's letter, had already passed.  This argument is meritless.

We acknowledge that Resari's cover letter dated March 20, 2025, indicated that "all interested parties shall file objections, if any, no later than twenty (20) days prior to the audit date . . ."  which would have been March 18, 2025.  Significantly though, the orphans' court's decree provided: "objections to the Account shall be filed with the Clerk of Orphans' Court in accordance with Pa.O.C. Rule 2.7."  In relevant part, Rule 2.7 provides:

> (a) ***Objections*** to an Account and/or a petition for adjudication/statement of proposed distribution ***shall*** be filed with the clerk ***on or before the time and date of the audit in those counties holding an audit***, and by a specified date in all other counties, with a copy served on the accountant or the accountant's counsel, if represented, and to each interested party and claimant who received the notice pursuant to Rule 2.5, to the extent known, pursuant to Rule 4.3.
>
> (b) Objections shall be in writing ....
>
> * * *
>
> (d) ***The court may extend the time for filing objections***.

Pa.O.C. Rule 2.7(a), (b), (d) (emphasis added).

Thus, based on Rule 2.7, the Collopys clearly had until the audit hearing to file any objections, despite what Resari indicated in her letter. Moreover, the Collopys could have petitioned the orphans' court for additional time to file their objections and/or for a continuance of the hearing, but they did neither.

Lastly, we observe that the hearing transcript indicates that the Collopys attended the hearing on April 7, 2025. Notably, their counsel did not. *See* N.T., 4/7/25, at 2. Clearly, the Collopys had notice of the hearing contrary to their claim. Moreover, they could have raised any objections at the hearing, before the court confirmed the account, but, again, they did not.

In sum, because the Collopys had notice of the hearing but failed to file objections and raise their issues with the orphans' court, they have waived their issues for appellate review.[4] We, therefore, affirm the decree of the orphans' court adjudicating and confirming the account of Decedent's estate.

Decree in Case No. 1376 EDA 2025 affirmed. Appeal in Case 1459 EDA 2025 quashed.

_____

[4] Given this disposition, we will not consider the Collopys' remaining issues arguments in their first appeal.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>5/26/2026</u>